**UNITED STATES of America,**
**Appellee,**

v.

**Martin CADET–BATANDRO,**
**Defendant–Appellant.**

No. 07–4277–cr.

United States Court of Appeals,
Second Circuit.

Sept. 5, 2008.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Michael D. Maimin, Assistant United States Attorney (United States Attorney Michael J. Garcia, and Assistant United States Attorney Katherine Polk Failla, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, B.D. PARKER, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Defendant Martin Cadet–Batandro appeals from an October 3, 2007 judgment of the District Court convicting him, after a plea of guilty, of one count of having illegally reentered the United States after having been lawfully deported following a conviction for the commission of an aggravated felony, in violation of 8 U.S.C. § 1326(a), and sentencing him to a term of 41 months' imprisonment, followed ·by a term of three years' supervised release, and a mandatory special assessment of $100. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Defendant argues on appeal that his sentence was procedurally and substantively unreasonable and asks us to vacate the sentence and remand for resentencing. We review defendant's sentence for procedural and substantive reasonableness, which is akin to review for abuse of discretion. *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007); *United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir.2008).

Applying this very deferential standard to this case, we hold that defendant's sentence was neither procedurally nor substantively unreasonable. Prior to the sentencing hearing, the District Court considered the Pre–Sentencing Report prepared by the Probation Office as well as letters from defense counsel and the United States Attorney's Office. At the sentencing hearing, the District Court noted that defendant sought a downward departure from the Guidelines, read additional letters from defendant's family, and heard argument from counsel for both sides and from the defendant himself,

who apologized for reentering the country and explained that desired to work to support his family. The District Court chose to impose a sentence on the low end of the applicable Guidelines range of 41 to 51 months after finding that the evidence presented did not support a downward departure. In choosing to stay within the Guidelines range, the District Court noted that it had the "authority and discretion in weighing the [18 U.S.C. § ] 3553(a) factors to [impose a] sentence ... outside the guidelines range."

Regarding procedural reasonableness, defendant argues that the District Court did not sufficiently state its reasons for not departing from the Guidelines in violation of 18 U.S.C. § 3553(c). *See Rita v. United States, Rita v. United States,* —— U.S. ——, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007) (holding that 18 U.S.C. § 3553(c) requires a sentencing court to "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority" and noting that the statute "does not necessarily require lengthy explanation"). In this case, as in *Rita,* the District Court's statement of its reasons was "brief but legally sufficient." *Id.* at 2469. *See also United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) ("[N]o robotic incantations are required to prove the fact of consideration, and we will not conclude that a district judge shirked her obligation to consider the § 3553(a) factors simply because she did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." (Internal citations omitted.)). Defendant argued for a downward departure because of a perceived imbalance between the offense level for illegally reentering the country (Level 8) and the additur of 16 levels for having previously pleaded guilty to a drug-related offense; defendant's relatively minor crim-

inal record, which contained only one prior conviction; and the record of his reputation as a hard-working laborer with several dependant children and a sick mother. The transcript of the sentencing hearing makes clear that the District Court listened to defendant's arguments and considered his submissions. "The judge then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *Rita,* 127 S.Ct. at 2469. Where the question of law is "conceptually simple ... and the record makes clear that the sentencing judge considered the evidence and arguments, we do not believe the law requires the judge to [explain its reasons] more extensively." *Id.*

Regarding substantive reasonableness, the District Court's sentence was at the low end of the Guidelines range. Under these circumstances, we cannot hold that the District Court abused its discretion in sentencing defendant to 41 months' imprisonment. *See Fernandez,* 443 F.3d at 27 ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

In light of the steps taken by the District Court and the record before us, we conclude that the defendant's sentence was both procedurally and substantively reasonable.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.